615 A.2d 810

## COUNTY OF BUCKS

v.

## Mary H. COGAN, Tax Collector and Lumbermens Mutual Casualty Company Surety.

### Appeal of Mary H. COGAN, Tax Collector, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 19, 1992.

Decided Aug. 18, 1992.

Frederick P. Santarelli, for appellant.

William F. Thomson, for appellee, Lumbermens Mut. Cas. Co., Surety.

Michael A. Klimpl, for appellee, County of Bucks.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

This is an appeal by Mary J. Cogan, a former Tax Collector for Warwick Township, from an order of the Court of Common Pleas of Bucks County which, on November 27, 1991, denied Cogan's petition to allow her appeal from a certification of liability without an appeal bond or, alternatively, to reduce the

amount of her appeal bond. The order of November 27, 1991 followed an earlier court order of July 26, 1991 which had (1) issued a rule upon Bucks County to show cause why judgment filed in the certification of liability should not be stricken, and (2) set the bond for Cogan's appeal at $75,000.00. A similar order was also entered on July 26, 1991 against Lumbermens Mutual Casualty Company (Lumbermens), the surety company which had issued a fidelity bond on Cogan as a tax collector.

The following facts are pertinent. Based upon an internal audit Bucks County determined that Cogan owed the County $74,472.58 as tax collector for the tax years 1988 through 1990. Upon making this discovery the County filed a certification of liability with the prothonotary of the common pleas court which stated the amount due. Such procedure is authorized by Section 41 of the Local Tax Collection Law (Law), Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. § 5511.41, the pertinent provisions of which are as follows:

**§ 5511.41. Judgment on liability of collector of taxes; appeals; execution**

(a) In all cases where, in any settlement of the accounts of any tax collector, the taxing district or the auditing authority thereof, shall subject a tax collector to any liability, a certificate under the hands and seals of the corporate authorities, shall be filed in the office of the prothonotary of the court of common pleas of the county, stating the amount due and unpaid by such tax collector. Notice thereof shall be given by the taxing district, by registered mail, to such tax collector and his sureties.

(b) It shall be the duty of the prothonotary to enter such certificate on his docket. Such certificate shall from such entry have the same force and effect as a judgment of the court of common pleas, and execution may be issued thereon as on judgments for the amount remaining unpaid at any time after the entry aforesaid.

(c) Within thirty days of the date of such notice, any tax collector or his sureties, may appeal to the court of common pleas of the proper county from such judgment. No such

appeal shall be allowed by the court, unless the appellant shall enter into good and sufficient bond with two sureties or a surety company in such amount as the court shall fix, conditioned to prosecute such appeal, and to pay such sum of money as shall appear to be due on the final determination of the proceedings on said appeal. The court shall thereupon issue a rule on the taxing district to show cause why such judgment should not be opened or stricken from the record for reasons set forth in the petition. An answer to any such petition and rule shall be filed by the taxing district within thirty days from the date of the service of the rule. Service of the rule shall be made in such manner as the court may direct. The issues joined on the petition, and answer thereto, shall be tried by the court and jury, unless a jury trial shall be waived by both parties.

. . . .

(e) If no appeal is entered, or if an appeal is entered and no security given, as herein required, or if upon such appeal, judgment is given against the tax collector in any amount, execution may issue in like manner as on judgments for the amount due, and recourse may be had against the sureties of such tax collector.

Notice of this filing was given to both Cogan and Lumbermens in accordance with Section 41(b) and the prothonotary entered the certification of liability on the docket, thereby effectuating a judgment lien against Cogan's property. Both Cogan and Lumbermens separately appealed by asking the trial court to issue a rule on the taxing district (Bucks County)[1] to show cause why the judgment should not be opened or stricken in accordance with the procedures set forth in Section 41(c) of the Law.

In their appeals both Lumbermens and Cogan asked to be excused from posting a bond. On July 26, 1991, the trial court issued the rules to show cause but ordered both Lumbermens and Cogan to each file a $75,000.00 bond. Lumbermens

---

1. It would appear from the Reconciliation Summary filed with the Certification of Liability that the unremitted taxes involved taxes due only to the County of Bucks and not to any other local taxing authority.

posted the bond. Cogan, however, filed a petition seeking to appeal without bond or to have the bond reduced alleging she lacked the financial resources to purchase such a bond. She maintained in her petition that inasmuch as Lumbermens was liable on its bond under Section 41(c), and had also posted a fidelity bond in conjunction with Cogan's performance as tax collector, a "third bond" by her would be unnecessary to protect the County's interest. She further asserted that since the amount of the bond is unattainable by her she has been effectively denied due process and equal protection because she is unable to defend against the judgment. The trial court denied her request and this appeal ensued.

On appeal Cogan continues to assert that the bond requirements violate her constitutional rights, that Section 41(c) of the Law does not require that two bonds be posted in an appeal from the same certification of liability, and that under Section 41(c) of the Law the trial court had discretion to excuse the bond requirement.

■ Before we consider the merits of Cogan's appeal, we must decide certain preliminary issues raised by the County. It maintains first that the appeal to this Court should be dismissed on jurisdictional grounds because Cogan did not timely appeal to the common pleas court from the prothonotary's entry of judgment. The Certification of Liability was entered on June 6, 1991. Notice was received by Cogan on June 7, 1991. Section 41(c) mandates that the appeal be filed "within thirty days of the date of ... notice [of the entry of the certificate on the docket]." Assuming the notice date to be June 6, 1991 the time period begins to run on the next day, *i.e.,* June 7, 1991 and if the thirtieth day is a Saturday, a Sunday, or a legal holiday "such day shall be omitted from the computation." Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908. Here, counting June 7 as day one, the thirtieth day fell on Saturday, July 6th thus extending the filing period to Monday, July 8, 1991. Cogan's appeal was filed on that day and was, therefore, timely filed.

■ Next, the County contends that Cogan should have appealed from the trial court's July 26, 1991 order which

issued the rule to show cause and established the bond limit. It maintains that by appealing from the November 27, 1991 order (which denied her request to excuse or limit the bond) Cogan, in effect, appealed from a trial court's denial of reconsideration, and it is well-settled law that a trial court's denial of reconsideration is not appealable. *Miller v. Dept. of Transportation*, 91 Pa.Commonwealth Ct. 622, 625 n. 4, 498 A.2d 1370, 1372 n. 4 (1985). While we agree with the legal principle, we do not agree that the July 26 order was a final order as it did not end the litigation, dispose of the entire case, or put the litigants out of court; it was simply a "rule returnable" order. *See Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). Even if it can be argued that the July 26 order requiring a bond would preclude Cogan from presenting the merits of her case, inasmuch as this requirement was contained in an order issuing a rule returnable we believe the legal question of finality of the bonding issue was sufficiently uncertain to allow the appeal of the latter order. The fact is, the common pleas court disposed of the issue of the necessity for, or the reduction of, the bond in its November 27th order, only *after* it was first raised by Cogan by her petition filed subsequent to that court's July 26th order.

Next, the County contends that Cogan should not be permitted to assert her constitutional challenge since she did not, pursuant to Pa.R.C.P. No. 235, notify the Attorney General regarding her challenge to the constitutionality of Section 41 of the Law. We have, however, held that such notice is only required when a facial constitutional challenge is made, *Scalzi v. City of Altoona*, 111 Pa.Commonwealth Ct. 479, 533 A.2d 1150 (1987), *petition for allowance of appeal denied*, 520 Pa. 592, 551 A.2d 218 (1988), and not, as here, where the allegation is that the statute as applied to the litigant works an unconstitutional deprivation of due process rights.[2]

Having resolved these preliminary issues we now reach the question of whether the trial court's reading of Section

---

2. In any event Cogan, no doubt out of an abundance of caution, has since notified the Attorney General pursuant to Rule 235.

41(c) as requiring the bond amount to be approximately equal to the amount contained in the certificate of liability is erroneous. As previously noted, Section 41(c) pertinently provides:

Within thirty days of the date of such notice, any tax collector or his sureties, may appeal to the court of common pleas of the proper county from such judgment. No such appeal shall be allowed by the court, unless the appellant shall enter into *good and sufficient bond* with two sureties or a surety company *in such amount as the court shall fix,* conditioned to prosecute such appeal, and to pay such sum of money as shall appear to be due on the final determination of the proceedings on said appeal. (Emphasis added.)

The trial court apparently interpreted "good and sufficient bond" to mean an amount approximately equal to the liability stated in the certificate of liability. We hold that such interpretation is erroneous. The words instead impose upon the trial court a requirement that it exercise its discretion in imposing a bond. Clearly, that was not done here. First, no hearing was held in order to determine the merit of Cogan's financial inability allegations. Second, the trial court's opinion contains no findings or reasons specific to Cogan for the bond amount; rather, it merely states that it is bound by "the clear language of the law" to deny Cogan's request for relief. A remand is thus required for a hearing on the bond issue.

■ While this holding makes it unnecessary to decide Cogan's due process argument, we shall address one argument made by Lumbermens. We note first that, unlike Cogan, Lumbermens did not file an appeal from the trial court's November 27th order. It, however, has filed a brief with this Court as an appellee, and contends that the mere fact that it could afford, and did post, a bond should not be a reason for excusing Cogan from likewise posting a bond in her appeal from the Certification. We agree. Section 41(c) as we read it requires each party who appeals the certification of liability to post a bond. The fact the one appellant is in a better financial condition than another should not be a reason to excuse the other's obligation. While the bonding requirement is there essentially to protect the taxing district and once a bond in the

full amount of the potential liability is posted, that aim is achieved, we do not view this as the only basis for the existence of the bonding requirement. Rather, such a requirement exists also to discourage frivolous appeals and to import upon the appealing party that litigation is a serious business. Thus, we believe that each appellant's bond requirement should turn on the individual financial circumstances and not on those of other appellants.

For the foregoing reasons the order of the trial court is vacated and this case is remanded for the trial court to conduct a hearing and make findings, and enter an order determining what bond is "good and sufficient" for Cogan.

### ORDER

NOW, August 18, 1992, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.