**In the Matter of: The Nomination Petitions of David J. PROSPERINO (Democratic) Candidate for Magisterial District Judge for District 05–03–09.**

**Appeal of: David J. Prosperino.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 2009.

Decided April 16, 2009.

Publication Ordered April 21, 2009.

Robert Max Junker, Pittsburgh, for appellant.

Leonard E. Sweeney, Pittsburgh, for appellee.

OPINION BY Senior Judge KELLEY.

David J. Prosperino (Candidate) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) which sustained the objections set forth in Armand A. Martin's (Objector) Petition to Set Aside the Nomination Petitions of David J. Prosperino (Democrat) (Petition to Set Aside) and ordered that Candidate be removed from the ballot for the May 19, 2009 Municipal Primary Election for the Office of Magisterial District Judge for District Number 05–03–09.

On March 9, 2009, Candidate, a registered Democrat, filed a Nomination Petition to have his name appear on the Democratic ballot for the May 19, 2009 Municipal Primary Election for the Office of Magisterial District Judge for District Number 05–03–09. On March 17, 2009, Objector filed the instant Petition to Set Aside asserting that: (1) Candidate failed to file his Statement of Financial Interests with the Allegheny County Manager's Office as required by the Public Official and Employee Ethics Act (Ethics Act);[1] (2) Candidate improperly completed his Statement of Financial Interests; (3) Candidate's Nomination Petition does not contain a sufficient number of valid signatures; and (4) Candidate has failed to use the name that is registered with the Allegheny County Elections Department in that Candidate is registered as "David Prosperino" but. has used the name "David J. Prosperino" on his Statement of Financial Interests, Nomination Petition, Candidate's Affidavit and Circulator's Affidavit.

A hearing before the trial court was held on March 25, 2009. In support of the Petition to Set Aside, Objector presented the testimony of James Flynn, County Manager, David Voye, Manager of the Balloting and Return Section of the Elections Division, and Diane P. Boscia, Elections Division Registration Manager. Candidate testified in opposition to the Petition to Set Aside.

Mr. Flynn testified that there was no Statement of Financial Interests filed on behalf of Candidate by the deadline date of March 10, 2009.[2] Mr. Flynn testified fur-

---

1. 65 Pa.C.S. §§ 1101–1113. This is a codification of what was commonly called the State Ethics Act, Act of October 4, 1978, P.L. 883, *as amended, formerly* 65 P.S. §§ 401–413, repealed by section 6(c) of the Act of October 15, 1998, P.L. 729.

2. Two statutory schemes govern election matters, the Ethics Act and the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §§ 2600–3591. This Court has held that these two statutes are in pari materia, as they relate to the same subject matter, and therefore, the language of the statutes must be construed together, if possible. *Commonwealth, State Ethics Commission v. Cresson,* 528 Pa. 339, 597 A.2d 1146, 1149 (1991). Notably, a candidate wishing to run for election must follow the provisions of both statutes as it is the Election Code which governs the filing of a candidate's nomination petition, but the Ethics Act that mandates that a statement of financial interests be appended. In the case of a candidate running for the Office of Magisterial District Judge, the candidate is required to file his or her nomination petition with the county board of election of

ther that, as of the hearing before the trial court on March 25, 2009, no Statement of Financial Interests had been filed on behalf of Candidate.

Candidate testified that he went to the Allegheny County Elections Division on March 9, 2008 to file his Nomination Petition and Statement of Financial Interests. Candidate testified further that a gentleman in the Elections Division pulled one sheet off of his Statement of Financial Interests and that the gentleman told him to drop the other copy in the mail. Candidate testified that he then dropped a copy in the mail the same day.

Mr. Voye testified that he is in charge of taking the nomination petitions of candidates for the Elections Division and of giving instructions to the candidates. Mr. Voye did not specifically recall Candidate filing his Nomination Petition with the Elections Division but that he does inform the candidates that there is an additional filing. Mr. Voye testified further that he did not believe that he would have told Candidate to mail the copy of his Statement of Financial Interests when he could have walked across the street.

■ Based on the evidence presented, the trial court found that it was undisputed that Candidate did not file his Statement of Financial Interests in a timely manner with the local governing authority (County Manager) as required by Section 1104(b)(2) of the Ethics Act, 65 Pa.C.S. § 1104(b)(2). The trial court pointed out that the instructions for the Statement of Financial Interests directs a candidate to file the original Statement with the County Manager, James Flynn, at the Office of County Manager at 119 Courthouse, 436 Grant Street, Pittsburgh, Pennsylvania. The trial court determined that Candidate's failure to timely file his Statement of Financial Interests as directed with the County Manager was a fatal defect that cannot be cured by a subsequent filing. Accordingly, by order of March 25, 2009, the trial court sustained Objector's objection and set aside Candidate's Nomination Petition.[3] This appeal now follows.[4]

Candidate raises the following issues for our review:

1. Whether the trial court erred by ruling that Section 1104(b)(2) of the Ethics Act requires a candidate for Magisterial District Judge to make two separate filings of the same statement of financial interests form with two departments of the same political subdivision; and

2. Whether the County Manager's office is the governing authority of Alle-

the respective county in which the magisterial district is located. *See* Section 913 of the Election Code, 25 P.S. § 2873. Therefore, pursuant to Section 1104(b)(2) of the Ethics Act, the candidate is required to file a copy of his or her statement of financial interests with the governing authority of the county in which he or she is a candidate on or before the last day for filing a petition to appear on the ballot for election. In this case, the last day for filing a nomination petition to appear on the ballot for the May 19, 2009 Municipal Primary Election was March 10, 2009.

3. Because the trial court found that Candidate's failure to file his Statement of Financial

Interests with the County Manager's office was a fatal defect, the trial court did not rule on the remaining objections to Candidate's Nomination Petition raised by Objector in the Petition to Set Aside.

4. Our scope of review is limited to determining whether the trial court's findings of fact are supported by substantial evidence, whether the trial court abused its discretion or whether the trial court committed an error of law. *In re Hanssens*, 821 A.2d 1247 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 573 Pa. 692, 825 A.2d 640 (2003).

gheny County under Section 1104(b)(2) of the Ethics Act.

 Section 1104 of the Ethics Act governs the filing of statements of financial interest. Section 1104(b) pertains to candidates and provides, in pertinent part, as follows:

(b) CANDIDATE.—

(2) Any candidate for county-level or local office shall file a statement of financial interests for the preceding calendar year with the governing authority of the political subdivision in which he is a candidate on or before the last day for filing a petition to appear on the ballot for election. A copy of the statement of financial interests shall also be appended to such petition.

(3) No petition to appear on the ballot for election shall be accepted by the respective State or local election officials unless the petition has appended thereto a statement of financial interests as set forth in paragraphs (1) and (2). Failure to file the statement in accordance with the provisions of this chapter shall, in addition to any other penalties provided, be a fatal defect to a petition to appear on the ballot.

65 Pa.C.S. § 1104(b). Accordingly, pursuant to Section 1104(b), candidates who fail to file statements of financial interests or who file them in an untimely manner are barred from the ballot. *See In re: Nomination Petition of Greg Paulmier*, 594 Pa. 433, 445, 937 A.2d 364, 371 (2007) ("Therefore, we now hold that the fatality rule announced in Section 1104 of the Ethics Act was intended by the Legislature to bar only those candidates from the ballot who fail to file statements of financial interests or who file them in an untimely manner.").

As stated by the trial court, it is undisputed that Candidate did not timely file a copy of his Statement of Financial Interests with the County Manager as instructed by the March 10, 2009 deadline. Candidate notes in his brief that he recognizes that his attempt to mail his Statement of Financial Interests was not effective because it was not received by the County Manager and Candidate does not have a receipt of mailing. In addition, Candidate does not dispute that Allegheny County is the proper location for the filing of his Statement of Financial Interests pursuant to Section 1104(b)(2) of the Ethics Act. However, in this appeal, Candidate challenges the requirement to the "two filings" rule.

Candidate argues that his situation as a candidate for the Office of Magisterial District Judge is unique when compared with local candidates for school director, borough council or township commissioner. Candidate contends that where these other types of local candidates have a clear direction to file both with the county and with their political subdivision as required by past decisions of the courts of this Commonwealth, a candidate for the Office of Magisterial District Judge is directed to file two copies of the statement of financial interests with two departments of the same county.

Candidate argues that the purpose of requiring a second filing of the statement of financial interests for a local level office in order to provide easy access to the information at the most logical place that an interested resident would inquire makes perfect sense. However, the same purpose makes no sense when the county is the political subdivision which is required to be in possession of the statement of financial interests. Candidate argues that the unflinching application of the "two filings" rule ignores the distinction between the situation facing a candidate for a county position and the situation facing a candidate for a local position. Candidate recognizes that there is no election case

directly on point and dispositive of the instant matter.[5]

To accept Candidate's argument that he should not be subject to the "two filings" rule found in Section 1104(b)(2) of the Ethics Act would in effect eviscerate the plain language of the statute. The Ethics Act clearly requires a candidate for a county-level office to file a statement of financial interests for the preceding calendar year with the governing authority of the political subdivision in which he is a candidate on or before the last day for filing a petition to appear on the ballot for election. This is the first filing required by the statute. Attaching a copy of the statement of financial interests to a candidate's nomination petition is the second filing required by Section 1104(b)(2). As such, this Court is constrained to follow the clear directive of the Ethics Act. If the General Assembly had wished to carve out an exception for certain or specific county level offices, such as the Office of Magisterial District Judge, it would have done so and this Court does not have the authority to insert such an exception.

Accordingly, Candidate's argument that he should not be subject to the "two filings" rule found in Section 1104(b)(2) of the Ethics Act because he is a candidate for the Office of Magisterial District Judge is rejected.

5. Candidate cites to a recent decision by the Honorable William J. Ober, Judge of Westmoreland County. *See In re: Nomination Petition of Kurt Caruso* (No. 2561 of 2009, filed March 9, 2009). Therein, the candidate was seeking to place his name on the ballot for the Office of Clerk of Courts of Westmoreland County. The candidate filed his statement of financial interests, as mandated by Section 1104(b) of the Ethics Act before the March 10, 2009 deadline; however, the candidate did not file a copy of his statement of financial interests with the governing authority. Judge Ober determined that the governing authority could only be Westmoreland County and that the Ethics Act does not designate a specific county official or county office that is responsible for accepting a candidate's statement of financial interest. Judge Ober pointed out that the Westmoreland County Election Office and its employees are the actual or ostensible agents of Westmoreland County and the Westmoreland County Commissioners constitute the Election Board for the County. Judge Ober reasoned that under the particular facts of this case, there is a latent ambiguity with regard to filing the statement of financial interests with Westmoreland County. It appeared to Judge Ober that there was no distinction between Westmoreland County and the Election Office and that the County's use of separate offices is reflective of the division of labor and responsibility within the governing authority. Accordingly, Judge Ober held that when a candidate files his statement of financial responsibility with the Election Office, the statement is also filed with the Westmoreland County; therefore, the candidate had complied with Section 1104 of the Ethics Act. By order of April 9, 2009, this Court, based upon the well-reasoned opinion of Judge Ober, affirmed Judge Ober's order denying the challenge to the candidate's nomination petition and directing the candidate to submit an additional copy of his statement of financial interests to the Westmoreland County Chief Clerk within 5 days. *See In re: Nomination Petition of Kurt Caruso* (Pa.Cmwlth., No.507 CD 2009, filed April 9, 2009).

The decision by Judge Ober in *In re: Nomination Petition of Kurt Caruso* is distinguishable from the present matter in that Allegheny County is a home rule county. The Home Rule Charter of Allegheny County provides that the government of Allegheny County shall include an elected County Council, an elected Chief Executive and an appointed professional Manager. 302 Pa.Code § 1.3–301. The Home Rule Charter provides further that the Board of Elections shall consist of three members: the Chief Executive and the two at-large County Council Members. 302 Pa.Code § 1.10–1006. Accordingly, the conclusion drawn by Judge Ober with respect to Westmoreland County that there is no distinction between Westmoreland County and the Election Office cannot be drawn with respect to Allegheny County. Therefore, I do not find Judge Ober's decision and the affirmance thereof by this Court controlling in the instant matter.

Next, Candidate argues that the County Manager is not the "governing authority" of Allegheny County. Candidate contends that the governing authority is County Council; therefore, candidates should be required to file a statement of financial interests with the Chief Clerk of County Council not the office of County Manager. Candidate argues that in light of the inappropriateness of naming the County Manager as the recipient of statements of financial interests, he cannot be faulted for failing to follow a void designation that is not supported by the language of the Ethics Act. This Court disagrees.

The term "governing authority" is not defined in the Ethics Act. As noted herein, the Allegheny County Home Rule Charter provides that the government of Allegheny County shall include an elected County Council, an elected Chief Executive and an appointed professional Manager. Accordingly, this Court will not hold that the County Manager is not the proper authority with whom candidates must file a copy of their statements of financial interests in accordance with Section 1104(b)(2) of the Ethics Act.

The trial court's order is affirmed.

### ORDER

AND NOW, this 16th day of April, 2009, the March 25, 2009 order of the Court of Common Pleas of Allegheny County, at No. GD–09–005379, is affirmed.