**In Re: Substitute Nomination Certificate of Chris ROSS as Republican Candidate for the Pennsylvania House of Representatives in the 158th Legislative District.**

**Susan Rzucidlo, Richard Hicks, Diane Clayton, Mary Lynne Massi, Judy Porta, and David Unger, Carol Aichele, in her official capacity; The Pennsylvania Department of State; James L. Forsythe, in his official capacity; and Chester County Voter Services.**

**Appeal of: Susan Rzucidlo, Richard Hicks, Diane Clayton, Mary Lynne Massi, Judy Porta, and David Unger.**

Commonwealth Court of Pennsylvania.

Heard Oct. 3, 2014.

Decided Oct. 8, 2014.

Publication Ordered Feb. 11, 2015.

---

Adam C. Bonin, Philadelphia, for petitioners.

Christopher P. Gerber, Chester Springs, and Scot R. Withers, West Chester, for respondent Chris Ross and intervenor Republican Committee of Chester County.

Kathleen M. Kotula, Deputy Chief Counsel, Harrisburg, for respondents Carol Aichele and Pennsylvania Department of State.

Thomas L. Whiteman, Downingtown, for respondents James L. Forsythe and Chester County Voter Services.

OPINION BY Senior Judge COLINS.

This matter is a Petition to Set Aside Substitute Nomination Certificate filed by six qualified electors in the 158th Legislative District, Susan Rzucidlo, Richard Hicks, Diane Clayton, Mary Lynne Massi, Judy Porta and David Unger (Objectors). The Petition to Set Aside seeks to bar the substitution of Chris Ross (Ross) as the Republican candidate for the position of Representative in the Pennsylvania General Assembly, 158th Legislative District, in the November 4, 2014 General Election to fill the vacancy on the Republican ticket

that arose from the withdrawal of the candidate nominated in the Republican primary for that position, Cuyler Walker (Walker).

On September 22, 2014, Walker filed a petition for leave to withdraw his candidacy, which was captioned and docketed in this Court as *In Re: Election for Representative in the General Assembly from the 158th District in the General Election of November 4, 2014; Appeal of: Cuyler Walker*, 108 A.3d 129 (Pa.Cmwlth.2014) (the Walker Withdrawal Petition). On September 26, 2014, following an evidentiary hearing in that case at which Objectors, as intervenors, opposed the petition to withdraw and introduced evidence, this Court entered an Order granting Walker's petition to withdraw. On September 29, 2014, the Republican Committee of Chester County filed with the Department of State (the Department) a Substitute Nomination Certificate nominating Ross as the Republican candidate for the position of Representative in the Pennsylvania General Assembly, 158th Legislative District, in the November 4, 2014 General Election.

Objectors filed the instant Petition to Set Aside Substitute Nomination Certificate the following day, September 30, 2014.[1] An evidentiary hearing on this Petition to Set Aside Substitute Nomination Certificate was held on October 3, 2014, at which Objectors had the opportunity to introduce evidence to support their contention that Ross's Substitute Nomination Certificate should be set aside. At this hearing, the parties agreed that the testimony at the September 26, 2014 hearing on the Walker Withdrawal Petition was relevant to this proceeding and should be accepted as evidence and incorporated into the record on this Petition to Set Aside Substitute Nomination Certificate. The only other testimony submitted by Objectors or any other party at the October 3, 2014 hearing was additional testimony of James Forsythe, the Director of Chester County Voter Services, who had also testified at the September 26, 2014 hearing.

Mr. Forsythe testified at the October 3, 2014 hearing that the ballots for the voting machines had not yet been printed, that after the filing of the substitute nomination certificate, his office had completed coding the ballot with Ross's name added, and that the ballot with Ross's name on it would be ready to send to the printer that afternoon or the next day. Mr. Forsythe further testified that the substitution of Ross as a candidate would not interfere with having the voting machines ready for the November 4, 2014 election. Mr. Forsythe testified that his office had finished preparing supplemental absentee ballots limited to the 158th Legislative District race for the small number of voters (approximately 121 out of a total registration of approximately 60,000 in the district) who had already received absentee ballots before the withdrawal and substitution. The Court finds Mr. Forsythe's testimony credible.

In addition, Mr. Forsythe explained at the September 26, 2014 Walker Withdrawal Petition hearing how the initial absentee ballots and supplemental absentee ballots would be counted for those voters who had already been sent absentee ballots, in or-

---

1. Objectors also moved for a preliminary injunction to bar the Department from certifying Ross as the Republican nominee and to bar Chester County Voter Services from placing Ross's name on the ballot until resolution of this Petition to Set Aside Substitute Nomination Certificate. This Court denied Objectors' application for a preliminary injunction, and that order was appealed by Objectors to our Supreme Court. Following this Court's final order in this case, Objectors on October 3, 2014 discontinued their appeal from the denial of the preliminary injunction.

der to fairly reflect their will and protect their right to have their votes counted. Mr. Forsythe testified, and the Court required in its Order of September 26, 2014 granting the withdrawal, that supplemental ballots will be sent that contain only the 158th Legislative District race to those voters who had received an absentee ballot with Walker as a candidate, that the original absentee ballots of those voters will be counted as voted for the candidates on those ballots for all races, including the 158th Legislative District race, but that if a supplemental ballot is returned by the voter, the vote on such supplemental ballot would supersede the 158th Legislative District race vote on the original absentee ballot. There was no evidence submitted at either hearing that substitution at this time would delay the printing of the voting machine ballots or disrupt the election, nor was there evidence that showed any likelihood of voter confusion from the withdrawal and substitution. Objectors did not introduce any evidence that Walker's candidacy prior to his withdrawal was not genuine or that Ross's present candidacy is not genuine.

Based on the evidence from the two hearings, the Court issued an Order dismissing Objectors' Petition to Set Aside. This Opinion sets forth the reasons for the Court's Order.

Sections 981 and 1006 of the Pennsylvania Election Code (Election Code)[2] address the filing of substituted nomination certificates and the placement of a substituted candidate's name on the ballot. Section 981(a) provides:

Substituted nomination certificates to fill vacancies caused by the withdrawal of candidates nominated at primaries or by nomination papers shall be filed with the Secretary of the Commonwealth or proper county board of elections, as the case may be, at least seventy-five (75) days before the day of the general or municipal election: Provided, however, That no substituted nomination certificate by a political body may be filed until after the primary election.

25 P.S. § 2941(a). Section 1006 provides:

As soon as any substituted candidate shall have been duly nominated, at any time prior to the day on which the printing of ballots is started, his name shall be substituted in place of that of the candidate who has died or withdrawn.

25 P.S. § 2966.

■ Objectors argue that the substitution of Ross as a candidate is barred by Section 981(a) because it was sought later than 75 days before the November 4, 2014 election. Our Supreme Court, however, has rejected this argument and held that the Election Code's deadlines for candidate withdrawal and substitution are directory and not mandatory. *Perles v. Hoffman,* 419 Pa. 400, 213 A.2d 781, 783–84 (1965); *In re Mayor of the City of Altoona, Blair County,* 413 Pa. 305, 196 A.2d 371, 372–75 (1964); *In re Substitute Nomination for Vacancy in the Democratic Nomination for Office of County Commissioner of Allegheny County,* 383 Pa. 372, 118 A.2d 750, 753 (1955).

In *Mayor of the City of Altoona,* the Supreme Court upheld the substitution of a candidate for a November 5 general election, despite the fact that it was filed on September 18, too late to comply with the deadline for substitution set by Section 981(a). The Court held that the deadline in Section 981(a) did not bar substitution where the printing of the ballot had not started and the election would not be disrupted by the late filing, holding that the Election Code must be construed to secure

2. Act of June 3, 1937, P.L. 1333, §§ 981, 1006, *as amended,* 25 P.S. §§ 2941, 2966.

the right of the voters to choose between candidates. 196 A.2d at 372–75. The Court explained that substitution beyond the date set in the Election Code is to be allowed where it will not interfere with the orderly conducting of the election because

> [i]t imposes neither hardship nor disadvantage upon nor gives preference or advantage to either party or candidate and and [sic] does maintain a fair and equal balance in the election procedures and machinery, thereby affording the electorate the opportunity for choice, an opportunity basic to a democratic and fair election. To have denied the substitution, in reality, would have resolved the election in advance of November 5 and not at the polls. The selection of elected public officials is historically and legally a function exclusively reserved for eligible voters. No tradition of American life is more cherished than the right of the voter, at all levels of government to express his choice *between candidates* at the polls.

*Id.* at 375 (emphasis in original).

In *County Commissioner of Allegheny County*, the Supreme Court held that the time limit set in Section 981(b) for substitutions in the event of death of a candidate, which provided that the substitute nomination certificate "shall be filed ... prior to the day on which the printing of ballots is started," 25 P.S. § 2941(b), was directory and not mandatory. 118 A.2d at 752–53. The Court upheld the substitution of a candidate due to the death of the nominated candidate only 11 days before the election, after all ballots had been printed, concluding that notwithstanding the deadline in Section 981, such a substitution for death of a candidate "may be made so long as time permits for the correction of the ballots accordingly." *Id.* at 753.

In *Perles,* the Supreme Court reaffirmed its rulings in *Mayor of the City of Altoona* and *County Commissioner of Allegheny County,* and held that the deadline Section 978, 25 P.S. § 2938, the provision of the Election Code governing withdrawals, was not mandatory. 213 A.2d at 783–84. The Court held that Sections 981(a) and 978 do not bar all withdrawals and substitutions after the deadlines they provide, concluding that "the practical result of a mandatory and literal construction of the provision would be to deprive the voters of a real choice between candidates." *Id.* at 783.

Objectors argue that this Court should disregard these precedents as wrongly decided because they are allegedly inconsistent with the language of Section 981(a) that substituted nomination certificates to fill vacancies caused by withdrawal "shall be filed ... at least seventy-five (75) days before the day of the general or municipal election." This argument fails for several reasons.

■ First, even if this Court agreed with Objectors that *Mayor of the City of Altoona* and *Perles* were wrongly decided and that the dissenting opinions in those cases are the better reasoned opinions, this Court, as an intermediate appellate court is bound to follow the majority opinions of our Supreme Court, not the dissents, unless and until the Supreme Court overrules those majority opinions or it is clear that they are no longer good law. *Griffin v. Southeastern Pennsylvania Transportation Authority,* 757 A.2d 448, 451 (Pa.Cmwlth.2000) (*en banc*); *Steglik v. Workers' Compensation Appeal Board (Delta Gulf Corp.),* 755 A.2d 69, 76 (Pa. Cmwlth.2000) (*en banc*); *Nunez v. Redevelopment Authority of City of Philadelphia,* 147 Pa.Cmwlth. 577, 609 A.2d 207, 209 (1992). No subsequent decision of our Supreme Court has overruled or ques-

tioned *Mayor of the City of Altoona, Perles* or *County Commissioner of Allegheny County* or the interpretation of Sections 981 or 978 of the Election Code in those decisions.

Objectors contend that the Supreme Court's recent opinion in *In re Nomination Petition of Guzzardi,* —— Pa. ——, 99 A.3d 381 (2014), *sub silentio* overruled *Mayor of the City of Altoona* and *Perles* and requires that the 75–day deadline for candidate substitutions be strictly enforced. This Court does not agree. In *Guzzardi,* the Court interpreted a different statute, Section 1104(b) of the Public Official and Employee Ethics Act (the Ethics Act), which provides that a candidate's failure to file the required statement of financial interests with the State Ethics Commission by the deadline for filing nomination petitions "shall, in addition to any other penalties provided, be a *fatal defect to a petition to appear on the ballot.*" 65 Pa.C.S. § 1104(b)(3) (emphasis added). That absolute and unequivocal prohibitory language is different from the language in Sections 981 and 978 of the Election Code, which state only that the substitution or withdrawal "shall be filed" by the deadline, not that placement of a substituted candidate on the ballot or removal from the ballot after the deadline is prohibited. *See Mayor of the City of Altoona,* 196 A.2d at 374.

Moreover, the "fatal defect" language at issue in *Guzzardi* was enacted by the General Assembly to override the Supreme Court's prior, more flexible construction of

the Ethics Act. *Guzzardi,* 99 A.3d at 383–85. Here, in contrast, the actions of the General Assembly show no disagreement with the Supreme Court's interpretation of Sections 981 and 978 of the Election Code. In the decades since the Court issued its opinions in *Mayor of the City of Altoona* and *Perles,* the General Assembly has not made any changes to the language of Section 981; the last amendment of that statute was enacted in August 1963, prior to the Supreme Court's order or opinion in *Mayor of the City of Altoona.*[3] *See* 25 P.S. § 2941. Amendments and additions have been made to the statutes governing candidate withdrawals, but those changes indicate no disapproval or intent to override the Supreme Court's interpretation of Section 978 or 981. No change has been made to the language of Section 978 interpreted in *Perles* that "withdrawals shall be filed . . . at least eighty-five (85) days previous to the day of the general or municipal election." *Compare Perles,* 213 A.2d at 783 *with* 25 P.S. § 2938(a). Instead, the General Assembly has acted to confirm that the withdrawal and substitution deadlines are *not* absolute by enacting Section 978.4, which provides that a candidate may file a petition to withdraw in court and that "the court shall order the withdrawal of said candidate's name for nomination or election, except upon a showing of special circumstances." 25 P.S. § 2938.4.[4]

Furthermore, the Court does not agree with Objectors that *Perles, Mayor of the City of Altoona* and *County Commissioner of Allegheny County* were wrongly

---

**3.** This last amendment, effective January 1, 1964, after the election in *Mayor of the City of Altoona* and before the election in *Perles,* changed the deadline for substitution due to withdrawal in Section 981(a) from 55 days before the election to 75 days before the election, but made no change to the language interpreted in *Mayor of the City of Altoona* providing that "[s]ubstituted nomination cer-

tificates to fill vacancies caused by the withdrawal of candidates nominated at primaries . . . shall be filed . . . at least" a certain number of days before the election. *Compare Mayor of the City of Altoona,* 196 A.2d at 372 *with* 25 P.S. § 2941.

**4.** Added by the Act of July 11, 1980, P.L. 591.

decided. As noted above, Section 981 does not state that placement of a substituted candidate on the ballot after the deadline is prohibited. The Supreme Court's interpretation of the statutory language as directory does not render the withdrawal and substitution deadlines a nullity. The deadlines of Section 981(a) and 978 give candidates and political parties a clear date by which withdrawals and substitutions may be done as of right without obtaining court approval and without risk that the substituted candidate might be omitted from the earliest absentee ballots. The deadlines also give boards of elections a clear date after which they may reasonably begin preparing the ballot and sending out absentee ballots. While substitutions may occur after the deadline as a result of court orders granting withdrawal of candidates, the candidate or political party whose delay has caused the late change may reasonably be assessed any increased costs incurred by the board of elections. Thus, in this election dispute, Walker agreed to reimburse the board of elections for any increased costs caused by his late withdrawal. Given the paramount and fundamental importance under the Election Code of protecting the right of the voters to elect the candidate of their choice, see In re Nomination Petition of Gales, 618 Pa. 93, 54 A.3d 855, 857 (2012); Perles, 213 A.2d at 783–84; Mayor of the City of Altoona, 196 A.2d at 374–75, Section 981(a) is reasonably and properly interpreted as permitting substitution beyond the statutory deadline where the late substitution will not disrupt the election.

Objectors also contend that substitution beyond the 75–day time limit must be barred in order to protect against gamesmanship and placeholder or dummy candidates. This argument is unsupported by the record before this Court. No abusive practices have been shown here. There is no evidence in this case suggesting that

Ross is not a genuine candidate who will serve if elected or that Walker was not genuinely seeking the office of state representative for the 158th Legislative District when he was nominated in the Republican primary in May 2014.

For the foregoing reasons, the Court concluded that Objectors have not shown any valid ground to bar the substitution of Ross as the Republican candidate for Representative in the Pennsylvania General Assembly, 158th Legislative District. Accordingly, the Court dismissed the Petition to Set Aside Substitute Nomination Certificate.