609 A.2d 207

**Luis E. NUNEZ, Appellant,**

v.

**REDEVELOPMENT AUTHORITY OF the
CITY OF PHILADELPHIA, Appellee.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1992.

Decided April 30, 1992.

See also 109 Pa.Cmwlth. 240, 530 A.2d 1041.

Edward J. Hayes, for appellant.

William T. Steerman, Sp. Counsel, for appellee.

Before DOYLE and SMITH, JJ., and LEDERER, Senior Judge.

DOYLE, Judge.

Dr. Luis E. Nunez appeals from an order of the Court of Common Pleas of Philadelphia County which denied his motion to compel the payment of additional interest.

The facts of this case are undisputed. Dr. Nunez owned property located at 1614 Summer Street in the City of Philadelphia On April 26, 1973, the Redevelopment Authority of the City of Philadelphia (RDA) filed a declaration of taking against this property. On August 7, 1975, the RDA paid Dr. Nunez estimated just compensation in the amount of $65,000. The matter went before the Board of View which, on January 20, 1977, awarded Dr. Nunez $140,000 plus attorneys' fees of $500.

An appeal was taken by both parties to the Court of Common Pleas of Philadelphia County. After a jury trial on November 16, 1984, a verdict was returned which awarded Dr. Nunez $295,000. The trial court then molded the verdict to reflect the payment of the estimated just compensation. The verdict entered by the trial court was in the amount of $230,000 ($295,000 less $65,000) plus 6% interest from August 7, 1975 to the date of the verdict. That interest totalled $128,018.63 bringing the total amount of the award to $358,018.63.

Thereafter, an appeal on the merits was taken to this Court which affirmed the common pleas court order. On August 28, 1986, Dr. Nunez filed a praecipe to enter judgment for $358,018.63 plus interest from November 16, 1984, the date of the verdict, until the judgment was paid. The RDA did not appeal from or take exception to the judgment entered on August 28, 1986.

By letter dated October 29, 1987, the RDA informed Dr. Nunez that, at settlement, it would pay to him the amount of $399,188.55, representing the principal amount of $230,-000 plus $169,150.22 in interest. The interest was calculated on the amount of $230,000 for the periods August 7, 1975 to November 16, 1984 and from November 16, 1984 to November 10, 1987. By letter dated November 11, 1987,

Dr. Nunez informed the RDA that he believed he was entitled to interest at 6% on the judgment of $358,018.63, rather than the $230,000.00, from November 16, 1984 until the time of payment. On January 5, 1988, Dr. Nunez and the RDA executed a general release whereby Dr. Nunez was paid the sum of $399,188.55. The parties reserved all claims, rights and defenses regarding the additional interest.

On September 20, 1989, Dr. Nunez filed a motion to compel payment of additional interest calculated at 6% on the judgment of $358,018.63. By order dated May 16, 1990, the common pleas court denied the motion. Appeal to this Court followed.[1]

On appeal, Dr. Nunez argues that the common pleas court erred in failing to follow the Supreme Court decision in *King Athletic Goods Co. v. The Redevelopment Authority of the City of Philadelphia*, 481 Pa. 504, 393 A.2d 18 (1978).

In *King Athletic*, the Court of Common Pleas of Philadelphia County entered a final decree directing the RDA to pay to the plaintiffs the sum of $67,359.47 for relocation expenses made necessary by the condemnation of certain real estate. On appeal, the Supreme Court held that, due to an agreement entered into by the plaintiffs and the RDA and relevant provisions of the Eminent Domain Code,[2] the plaintiffs' recovery could not exceed $25,000. Accordingly, the decree was vacated and the case was remanded to the common pleas court for entry of a decree in accordance with the Supreme Court's opinion.

On February 21, 1975, the common pleas court vacated its decree and entered a new decree awarding the plaintiffs the sum of $50,000. The prothonotary was directed to enter a judgment in the amount specified and to give notice of the

1. The appeal was originally filed with Superior Court. By order dated August 21, 1991, Superior Court transferred the appeal to Commonwealth Court.

2. Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903.

decree to counsel for all party litigants. No exceptions or appeals were filed and four months later, on June 23, 1975, judgment was entered and notice was given to the RDA.

On February 4, 1976, seven months after the entry of judgment, the RDA filed a petition in the common pleas court to strike off and vacate the judgment. On April 8, 1976, the court struck off the judgment entered on June 23, 1975, vacated its decree of February 21, 1975, and entered a new decree awarding the plaintiffs damages in the amount of $25,000. The court also directed the prothonotary to enter judgment for this amount in favor of the plaintiffs and against the RDA. Appeal was again taken to the Supreme Court.

Although the judgment entered by the common pleas court on February 21, 1975 did not conform to the order of the Supreme Court, the Supreme Court held that the judgment could not be collaterally attacked. The Court explained that the judgment could not be so attacked because (1) the issue was not subject matter jurisdictional; (2) the judgment was in conformity with the court's decree of February 21, 1975; and (3) the decree of February 21, 1975 was not challenged through exceptions to the decree or through a direct appeal. Had exceptions been filed or an appeal been taken from the decree, the court's error could have been corrected. Accordingly, the decree of April 8, 1976 and the judgment entered in accordance with that decree were vacated and the decree of February 21, 1975 and the judgment entered in accordance with that decree were reinstated.

The facts of the case before us are similar to those in *King Athletic*. Here, the RDA did not file exceptions to or appeal from the judgment entered on August 28, 1986. Instead the RDA, in opposing Dr. Nunez's motion to compel payment, is seeking to attack collaterally the amount of the judgment. Under *King Athletic*, such a collateral attack is not permissible. *King Athletic* controls the instant appeal and we hold that the common pleas court erred in not following its principles.

██ The RDA argues that *King Athletic* was wrongly decided and is at variance with provisions of the Eminent Domain Code which limit the amount of interest to be paid.[3] However, as an intermediate appellate court, we are bound by the opinions of the Supreme Court. *Jones v. Packel,* 20 Pa.Commonwealth Ct. 606, 342 A.2d 434 (1975); *Stitt v. Consolidation Gas Supply Corp.,* 3 Pa.Commonwealth Ct. 482, 284 A.2d 313 (1971). Any argument that *King Athletic* was wrongly decided is an issue for another forum as acknowledged by counsel for the RDA at oral argument.

Based on the above discussion, we reverse the order of the Court of Common Pleas of Philadelphia County.

### ORDER

NOW, April 30, 1992, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

3. *See* Section 611 of the Eminent Domain Code, 26 P.S. § 1–611.