**Regina STEGLIK, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DELTA GULF CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 3, 1999.

Decided June 19, 2000.

Francis X. Nolan, Abington, for petitioner.

Kate A. Smith, Philadelphia, for respondent.

John A. Bednarz, Jr., Wilkes-Barre, for amicus curiae, PA Trial Lawyers Assoc.

Before DOYLE, President Judge, and COLINS, J., SMITH, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, J., LEADBETTER, J.

KELLEY, Judge.

Regina Steglik (Claimant) appeals from the order of the Workers' Compensation Appeal Board (Board) affirming the decision of a Workers' Compensation Judge (WCJ) denying Claimant's claim petition for disability benefits under the Workers' Compensation Act (Act).[1] We affirm.

On February 26, 1993, Claimant filed a claim petition alleging that she sustained an injury in the nature of a rupture of intraverebral discs while in the course of her employment as an oiler with Delta Gulf Corporation (Employer). On March 23, 1993, Employer filed an answer denying the allegations of Claimant's claim petition. Hearings before a WCJ ensued.

In support of the claim petition, Claimant testified and presented the testimony of her mother, Theresa Steglik, one of her co-workers, David Greisel, and the deposition testimony of Richard T. D'Addario, M.D., a physician board certified in psychiatry and neurology. In opposition to the claim petition, Employer presented the deposition testimony of its Vice President, Joseph B. Cordill, and Richard I. Katz, a physician board certified in psychiatry, neurology and neurophysiology.

Claimant testified that at work on October 28, 1992, she started to lose feeling in her arms and legs. Although she continued to work until November 12, 1992, Claimant sought treatment for her complaints on November 2, 1992. Ultimately, Claimant was referred to Dr. D'Addario and, based on the results of a cervical MRI, Dr. D'Addario diagnosed Claimant with a herniated disc. Dr. D'Addario referred Claimant to Stephen Barrer, M.D., who performed surgery on Claimant on December 7, 1992. Although her condition improved after surgery, Claimant testified that, because her sense of balance has been compromised and she still suffers from leg spasms, she can no longer return to the type of work she did prior to the onset of her symptoms.

Dr. D'Addario testified that he first examined Claimant on November 17, 1992, at which time Claimant gave a history of a two-week duration of symptoms including difficulty with balance, numbness in her abdominal area and weakness. Ultimately, Dr. D'Addario ordered an MRI scan of the cervical spine which revealed a large herniated disc in the cervical region that was compressing the spinal cord. Dr. D'Addario testified that Claimant's report of her work requirements was completely consistent with the diagnosed injury, and he opined that the injury was directly related to her employment. Dr. D'Addario also indicated that Claimant continues to suffer from a lack of balance, coordination and strength which completely eliminates the possibility of her return to work in her position with Employer.

Dr. Katz testified that he first saw Claimant on July 12, 1994 at which time he took a complete history and gave her a neurologic examination. Dr. Katz stated that his findings were consistent with Claimant's complaints and indicated a cervical myelopathy with residual involvement of the cervical spinal cord. Although he did not have Claimant's pre-surgical MRI or her post-surgical x-rays at the time of

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

examination, Dr. Katz stated that a subsequent review of these films verified a compressive cervical myelopathy at the C–5–6 level with a good but incomplete recovery following surgery.

With regard to the cervical MRI scan, Dr. Katz affirmed that it showed a large disc herniation at the C–5–6 inner space, but he also commented on notable associated findings. Specifically, Dr. Katz testified that calcification of the disc and related tissue, along with some degenerative bony overgrowth of adjacent vertebral bodies, indicated that Claimant's disc herniation had existed for at least six months prior to the time the scan was taken which predated Claimant's employment with Employer. Dr. Katz explained that many people have herniated discs without displaying symptomology and that this was the case with Claimant until she became symptomatic in October of 1992. Dr. Katz opined that, although Claimant's complaints coincided with her work for Employer, he did not believe that they were work-related. Dr. Katz based this opinion on the fact that there was no single incident or series of incidents to indicate a sudden or acute disc herniation, coupled with the MRI indicating a disc herniation that was at least six months old. Finally, Dr. Katz agreed that, due to her continuing problems, Claimant could not return to work in her position with Employer.

On August 5, 1996, the WCJ issued an order and opinion disposing of Claimant's claim petition in which he made the following relevant findings of fact:

5. The undersigned Judge has carefully reviewed and considered the entire evidence of record as a whole, together with the briefs and proposed Findings of Fact and Conclusions of Law submitted by the attorneys for the parties.

* * *

7. Claimant suffers from a herniated disc at the level of C–5–6. She has undergone surgery in the nature of decompression of the cervical spine for treatment of this condition, but still complains of symptoms, including weakness, and difficulty with balance and coordination.

* * *

9. Claimant was employed by [Employer] from September 18, 1992 until November 12, 1992. At that time, she was laid off by [Employer], because [Employer]'s construction project had been completed.

* * *

11. Claimant has a history of having lifted 100 pound bags of feed, prior to her employment with [Employer].

12. The undersigned Judge finds the testimony of [Employer]'s medical expert, Dr. Richard Katz to be more credible and persuasive than the testimony of Claimant, Claimant's mother, Theresa Steglik, Claimant's co-worker, David Griesel, and Claimant's medical expert, Dr. Richard D'Addario, wherever the testimony of Dr. Katz is inconsisten[t] with the testimony of Claimant, Claimant's mother, Claimant's co-worker and Claimant's medical expert.

13. Based on the credible and persuasive testimony of [Employer]'s medical expert, Dr. Richard Katz, the undersigned Judge makes the following additional Findings of Fact:

(a) Claimant had a C–5–6 disc herniation that was old and had been there for a period of at least six months, as of December 1992, when its presence was confirmed by a cervical MRI.

(b) Claimant's C–5–6 disc herniation was not causally related in any way to her employment with [Employer].

WCJ Opinion, pp. 3–4.

Based on the foregoing, the WCJ determined that Claimant failed to establish by substantial, competent evidence that she sustained a work-related injury while in the course of her employment with Em-

ployer. *Id.* at p. 4. As a result, the WCJ issued an order denying Claimant's claim petition. *Id.*

On August 20, 1996, Claimant appealed the WCJ's decision to the Board. On July 27, 1998, the Board issued an order affirming the WCJ's decision. Claimant then filed the instant petition for review in this Court.

In this appeal, Claimant contends that the Board erred in affirming the WCJ's decision because: (1) the WCJ failed to issue a reasoned decision as defined by Section 422(a) of the Act[2]; (2) the evidence compels the award of disability benefits; (3) Claimant was denied a full and complete opportunity to present competent evidence in support of her claim petition; and (4) the Board applied the incorrect standard of review in reviewing the WCJ's decision.

■ We initially note that this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). "Substantial evidence" is any relevant evidence that a reasonable mind might consider adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa. Cmwlth. 382, 539 A.2d 11 (1988).

■ In a workers' compensation proceeding, the WCJ is the ultimate finder of fact. *Hayden v. Workmen's Compensation Appeal Board (Wheeling Pittsburgh Steel Corp.)*, 83 Pa.Cmwlth. 451, 479 A.2d 631 (1984). Thus, determinations as to witness credibility and evidentiary weight are within the exclusive province of the WCJ and are not subject to appellate review. *Id.* As the fact finder, the WCJ is entitled to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa.Cmwlth. 461, 593 A.2d 921 (1991), *petition for allowance of appeal denied*, 529 Pa. 626, 600 A.2d 541 (1991).

■ With respect to a claim petition, the claimant bears the burden of establishing an entitlement to benefits and establishing all the elements necessary to support an award. *Dandenault v. Workers' Compensation Appeal Board (Philadelphia Flyers, Ltd.)*, 728 A.2d 1001 (Pa. Cmwlth.1999); *Meadville Forging Company v. Workers' Compensation Appeal Board (Hawes)*, 726 A.2d 1111 (Pa. Cmwlth.1999); *Old Republic Insurance Company v. Workers' Compensation Appeal Board (Mascolo)*, 726 A.2d 444 (Pa. Cmwlth.1999). Thus, a claimant has the burden of proving that his or her injury arose in the course of employment and was related thereto. *Krawchuk v. Philadelphia Electric Co.*, 497 Pa. 115, 439 A.2d

---

2. Section 422(a) of the Act states:

Neither the Board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensa-

tion judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.
77 P.S. § 834.

**74**

627 (1981); *Dandenault; Meadville Forging Company; Old Republic Insurance Company.* In order to prevail on a workers' compensation claim, a claimant, as the burdened party, has to meet both the burden of production and the burden of persuasion. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper),* 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994).

As noted above, Claimant filed an appeal to the Board of the WCJ's denial of her claim petition. As we have recently stated:

> [W]ith regard to such appeals to the Board, Section 111.11(a)(2) of Title 34 of the Pennsylvania Code states, in pertinent part:
>
> > (a) An appeal to the Board shall be filed with the Board on a form provided by the Board or on a form containing substantially the following information:
> >
> > \* \* \*
> >
> > (2) *A statement of the particular grounds upon which the appeal is based, including reference to the specific findings of fact which are challenged and the errors of the law which are alleged. General allegations which do not specifically bring tot he attention of the Board the issues to be decided are insufficient.*

34 Pa.Code § 111.11(a)(2) (emphasis added).

*Jonathan Sheppard Stables v. Workers' Compensation Appeal Board (Wyatt),* 739 A.2d 1084, 1088 (Pa.Cmwlth.1999).

In this case, the appeal form submitted to the Board by Claimant states, in pertinent part:

> I hereby appeal from the decision of Judge *SEYMOUR NATHANSON* and *specify the following errors of law committed by the said Judge, and the reasons why the decision does not conform to the provisions of the Workers' Compensation Act* or the Occupational Disease Act. **A copy of the Judge's decision is *attached.***
> *Conclusion of Law No. 2.*

Certified Record, Appeal from Judge's Findings of Fact and Conclusions of Law at p. 1 (emphasis added). In addition, we note that the second page of the appeal form used by Claimant declares that an "[a]ppellant must set forth specifically and fully the errors of which he/she complains..." *Id.* at p. 2.

■ It is clear that such a general allegation of error does not comport with the requirements of 34 Pa.Code § 111.11(a)(2). *Jonathan Sheppard Stables.* As a result, the claims raised by Claimant in this appeal have not been preserved for our review. *Id.*[3]

Moreover, even if the claims raised in the instant appeal are not deemed to have been waived, they are meritless. Claimant first contends that the WCJ failed to issue a reasoned decision as defined by Section 422(a) of the Act. With regard to the provi-

---

3. In asserting that these claims have been preserved for our review, Claimant includes a copy of her brief filed with the Board in her reproduced record, and cites to it in her appellate brief. However, the certified record in this case does not contain a copy of the brief that was filed with the Board. As the Pennsylvania Superior Court has noted, "[i]t is beyond cavil that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal. For purposes of appellate review, what is not of record does not exist. It is the appellant's responsibility to provide a complete and comprehensive record to the reviewing court." *Spink v. Spink,* 422 Pa.Super. 126, 619 A.2d 277, 280 n. 1 (1992) (citations omitted). Thus, although the brief is contained in the reproduced record, it cannot be relied upon in this appeal as it is not contained in the certified record. If Claimant wished to rely on that brief, she "[c]ould have requested that the Board certify and transmit a supplemental record containing [her]brief to this Court pursuant to Pa.R.A.P. 1926." *Jonathan Sheppard Stables,* 739 A.2d at 1090, n. 6, (quoting *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward),* 127 Pa.Cmwlth. 587, 562 A.2d 437, 439, n.3 (1989)).

sions of Section 422(a) of the Act, we have recently stated the following:

> [C]ontrary to Claimant's assertion, it is patently beyond this Court's statutory scope of review to reject a WCJ's credibility determinations on appeal, and to make new findings of fact based on the evidence in the certified record. Rather, our review of the factual findings in this appeal is limited to determining whether or not they are supported by substantial evidence.

> Likewise, in order to provide a meaningful basis for appellate review, a WCJ's decision must contain findings and the reasons for the adjudication. To this end, the WCJ must set forth the reasons for her findings, and she must include all of the findings necessary to resolve the issues that were raised by the evidence and which are relevant to her decision. Moreover, a WCJ's failure to explain specifically why she rejected certain testimony is not fatal to her adjudication and does not preclude effective appellate review.

> \* \* \*

> In this case, the Board properly determined that the certified record contains substantial evidence supporting the WCJ's findings of fact. In addition, the Board properly determined that the WCJ provided an adequate explanation for her determination by outlining all of the evidence considered, stating the credible evidence on which she relied, and setting forth the reasons for the ultimate denial of Employer's termination petition. As a result, the Board did not err in affirming the WCJ's decision.

*Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 753 A.2d 293, 305 (Pa.Cmwlth.2000) (citations omitted).

Likewise, in the instant case, the Board properly determined that the certified record contains substantial evidence supporting the WCJ's findings of fact, particularly those relating to the purported work-relat-

ed disc herniation in Claimant's back. In addition, the WCJ's opinion also provides an adequate explanation for his determination by outlining the evidence considered, stating the credible evidence on which he relied, and setting forth the reasons for the ultimate denial of Claimant's claim petition. As a result, the Board did not err in affirming the WCJ's decision. *Id.*

Claimant next contends that the evidence compels the award of disability benefits. In particular, Claimant asserts that because the onset of her disability coincided with her employment, she is entitled to disability benefits.

As noted above, Claimant bore the burden of establishing an entitlement to benefits and establishing all the elements necessary to support an award in these proceedings. *Dandenault; Meadville Forging Company; Old Republic Insurance Company.* Thus, Claimant had the burden of proving that her injury arose in the course of her employment and was related thereto. *Krawchuk; Dandenault; Meadville Forging Company; Old Republic Insurance Company.* In order to prevail on her claim for benefits, Claimant, as the burdened party, had to meet both the burden of production and the burden of persuasion. *Crenshaw.*

■ In this case, it was not Employer's burden to establish that Claimant's injury arose from a nonwork-related cause. Rather, it was Claimant's burden to establish by credible evidence that her injury and disability were work-related. In this regard, the WCJ specifically rejected as not credible the evidence presented by Claimant to establish a connection between her employment and her injury. *See* WCJ Decision, pp. 3–4.

■ As the ultimate finder of fact, the WCJ was entitled to accept or reject the testimony of these witnesses, including the medical witnesses, in whole or in part. *General Electric Co.* In addition, this determination as to witness credibility and

evidentiary weight was within the exclusive province of the WCJ and is not subject to appellate review. *Hayden.* In short, Claimant failed to meet her burden of persuasion before the WCJ, and these credibility determinations will not be disturbed on appeal.

Claimant next contends that Claimant was denied a full and complete opportunity to present competent evidence in support of her claim petition. In particular, Claimant asserts that the Board erred in failing to grant her a rehearing because hearing counsel failed to sufficiently cross-examine Employer's medical witness regarding the date of the onset of her disability.

 It is true that, pursuant to Section 426 of the Act[4], the Board possesses broad discretionary powers to grant rehearing when justice requires. *See, e.g., Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988). However, by its own terms, Section 426 only requires the Board to grant a rehearing *"[u]pon petition of any party and upon cause shown . . . ".* 77 P.S. § 871 (emphasis added). The certified record in this case does not contain *any* petition for rehearing filed by Claimant which states the appropriate "cause shown". Thus, the Board did not err in failing to grant a petition for rehearing that was never presented to it. *See UGI Corporation v. Workmen's Compensation Appeal Board (Wagner),* 130 Pa. Cmwlth. 42, 566 A.2d 1264 (1989) (Board did not err in failing to grant a rehearing on an employer's petition to terminate benefits where no petition or any medical documents were presented to support rehearing.).

 Finally, Claimant contends that the Board applied the incorrect standard of review in reviewing the WCJ's decision. In support of this claim, Claimant relies on the dissenting opinion of former Justice Larsen in *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan),* 531 Pa. 287, 612 A.2d 434 (1992), in which he takes issue with the holding of the majority opinion in that case. However, as an intermediate appellate court, this Court is required to follow the majority opinion of the Supreme Court unless or until that court adopts the position of former Justice Larsen's dissent. *See, e.g., Nunez v. Redevelopment Authority of the City of Philadelphia,* 147 Pa.Cmwlth. 577, 609 A.2d 207 (1992). Because the Board applied the appropriate standard as enunciated in the majority opinion in *Bethenergy Mines, Inc.,* it committed no error in this regard.

Accordingly, the order of the Board is affirmed.

## O R D E R

AND NOW, this *19th* day of *June,* 2000, the order of the Workers' Compensation Appeal Board, dated July 27, 1998 at No. A96–3283, is affirmed.

FRIEDMAN, Judge, concurring.

Based on Regina Steglik's (Claimant) failure to preserve her claims for review, I concur with the result reached by the majority here. However, I must voice my disagreement with the majority's determination that Claimant's arguments would be meritless even if they had not been waived. For the reasons stated in my dissenting opinion in *Daniels v. Workers' Compensation Appeal Board (Tristate Transport),* 753 A.2d 293 (Pa.Cmwlth.2000), I agree with Claimant's contention that the workers' compensation judge (WCJ) failed to issue a reasoned decision as defined by section 422(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 834.

---

**4.** Section 426 of the Act states, in pertinent part:

The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a [WCJ] . . .

77 P.S. § 871.

Under section 422(a) of the Act, as amended in 1996, a "reasoned" decision was required to include the WCJ's reasons for accepting certain specified evidence and also to include adequate reasons for rejecting or discrediting competent, conflicting evidence. I do not believe we can ignore this unambiguous language and still satisfy the intent of the legislature. Here, the WCJ's findings make almost no reference to any of the medical testimony presented, and the WCJ makes no attempt to explain why he accepted the opinion of Delta Gulf Corporation's (Employer) medical expert on causation over the competent, conflicting opinion offered by Claimant's medical expert. Consequently, I believe that the WCJ's decision fails to comply with section 422(a) of the Act and that the majority's conclusion to the contrary renders the 1996 amendments to section 422(a) of the Act meaningless.

Judge PELLEGRINI joins in this concurring opinion.