# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincenza Sorrentino, : 
          Petitioner : 
           : 
      v. : 
           : 
Workers' Compensation Appeal : 
Board (Villanova University), :   No. 589 C.D. 2020
          Respondent :   Submitted: November 6, 2020

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge[1]
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                 FILED: February 10, 2021

        Vincenza Sorrentino (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) May 27, 2020 order affirming the Workers' Compensation Judge's (WCJ) decision: (1) granting Villanova University's (Employer) Petition to Terminate Compensation Benefits (Termination Petition); (2) dismissing as moot Employer's Petition to Suspend Compensation Benefits (Suspension Petition); (3) denying and dismissing Claimant's Petition to Review Compensation Benefits (Review Petition) and Claimant's petition challenging Employer's Notice of Suspension or Modification Pursuant to Section 413(c) of the Workers' Compensation Act (Act)[2] (Challenge Petition); (4) dismissing Claimant's new Claim Petition (New Claim Petition); and

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710. Section 413(c) of the Act was added by Section 2 of the Act of July 1, 1978, P.L. 692, 77 P.S. § 774.2.

(5) terminating Claimant's WC benefits after October 29, 2018. Claimant presents two issues for this Court's review: (1) whether the Board erred when it held that the WCJ issued a timely interlocutory order granting supersedeas in conjunction with the Termination Petition and timely ruled on Claimant's Challenge Petition; and (2) whether the Board erred when it held that the WCJ properly credited Employer's doctor's testimony over Claimant's doctor's testimony. After review, this Court affirms.

Claimant sustained a work injury on May 17, 2018, in the nature of a lower back fracture, and received WC benefits pursuant to a Notice of Compensation Payable (NCP) therefor. On September 6, 2018, Employer issued an Amended NCP recognizing a lower-back-area fracture. Claimant returned to work at modified duty throughout September, October and November of 2018, and her WC benefits were modified during that time to reflect her change in earnings. On December 3, 2018, Claimant was released to full-time, full-duty work with no restrictions. Claimant notified Employer that she wanted to use her accrued vacation time (which she would have lost at year's end) and would return to full-duty work after the New Year. Employer agreed and, thus, Claimant did not resume work on December 4, 2018, but received paychecks from Employer through December 28, 2018.

On December 6, 2018, Employer issued a Notification of Suspension Pursuant to Section 413(c) of the Act, suspending Claimant's WC benefits as of December 4, 2018. On December 13, 2018, Claimant filed the Challenge Petition. On December 26, 2018, Employer filed the Termination Petition, alleging that, as of October 29, 2018, Claimant had fully recovered from her work injury. On that same date, Employer also filed the Suspension Petition, averring that, as of December 3, 2018, Employer offered Claimant a specific job and that work was generally available to her. Therein, Employer also requested a supersedeas (Supersedeas

2

Request) pursuant to Section 413(a.2) of the Act, 77 P.S. § 774, alleging that Claimant was released to full duty, and that her pre-injury job was available to her. On December 28, 2018, Claimant filed her answers to the Termination Petition and Suspension Petition, denying that she had fully recovered from her work-related injury.

On January 9, 2019, the WCJ held a hearing on Claimant's Challenge Petition. At the hearing, Employer's counsel noted that Employer had filed the Suspension Petition, the Termination Petition and the Supersedeas Request. Claimant and Employer's Human Resources representative, Annette Lucidi, testified. In support of its Supersedeas Request, Employer submitted Claimant's medical report from the Rothman Institute. At the hearing's conclusion, Claimant's counsel requested, and the WCJ granted, 14 days for Claimant to respond to Employer's Supersedeas Request. Notwithstanding, on January 22, 2019, the WCJ granted Employer's Supersedeas Request as of January 18, 2019 (January 22, 2019 Order). The WCJ's January 22, 2019 Order did not include a ruling on Claimant's Challenge Petition.

On March 11, 2019, Claimant filed the Review Petition, alleging an incorrect injury description and average weekly wage. On March 13, 2019, Employer filed its answer to the Review Petition denying Claimant's averments. At a March 20, 2019 hearing, Claimant reminded the WCJ that, at the January 9, 2019 hearing, the WCJ had granted Claimant 14 days to respond to Employer's Supersedeas Request, but issued an order granting the Supersedeas Request only 9 days later. Accordingly, at the March 20, 2019 hearing, Claimant asked the WCJ to reconsider her January 22, 2019 Order granting supersedeas. The WCJ agreed to reconsider her ruling but, on the same date, issued an interlocutory order again

3

granting Employer's Supersedeas Request. The WCJ made no ruling on Claimant's Challenge Petition.

On May 13, 2019, Claimant filed the New Claim Petition, averring multiple back conditions resulting from her May 17, 2018 fall at work. On June 26, 2019, the WCJ held a hearing at which Claimant again testified, and the WCJ admitted into evidence the deposition testimony of Claimant's physician, Stacy Lendener, M.D. (Dr. Lendener), and Employer's medical expert, John A. Handal, M.D. (Dr. Handal). On August 6, 2019, the WCJ granted Employer's Termination Petition, concluding Employer established that Claimant fully recovered from her work injury as of October 29, 2018. In reaching her decision, the WCJ found that Dr. Handal was more credible and persuasive than Dr. Lendener. The WCJ denied Claimant's Challenge Petition because she granted the Termination Petition as of October 29, 2018.

Specifically, the WCJ explained:

For an employee challenge to a Notification of Suspension or Modification [an employer] must file a petition with a request for a supersedeas for protection of its right to stop the [c]laimant's benefits after the [c]laimant's stoppage of work and a hearing must be scheduled within 21 days of the [c]laimant's filed challenge to decide the request for the supersedeas. [Here, t]he requests for supersedeas and the [Termination Petition] with a requested date of termination of October 29, 2018[,] were granted and [Claimant's Challenge Petition] should be and is denied and dismissed.

Reproduced Record (R.R.) at 257a. The WCJ dismissed the Suspension Petition as moot, denied the Review Petition, concluding that Claimant did not meet her burden of proof, and denied the New Claim Petition.

On August 23, 2019, Claimant filed a notice of appeal to the Board (Notice of Appeal) alleging that the WCJ failed to timely rule upon Claimant's

4

Challenge Petition, granted Employer's Supersedeas Petition before Claimant's response time had expired, and failed to consider substantial evidence.[3]  Claimant did **not** aver therein that the WCJ failed to timely conduct a hearing on the Challenge Petition.

On May 27, 2020, the Board affirmed the WCJ's decision.  The Board concluded that, as fact finder, the WCJ was free to weigh witness testimony and determine credibility.  Further, the Board explained:

---

[3] In her Notice of Appeal, Claimant averred:

> Claimant filed a timely [Challenge Petition] pursuant [to Section] 413(c)[] [of the Act,] and she testified at the first hearing that she was no longer working due to her injury.  The [WCJ,] instead of ruling on the [] Challenge [Petition] at the first hearing after she heard evidence that [] Claimant was not working, instead ordered that Claimant's attorney had fourteen (14) days to respond to Employer's Superseades [sic] request[] pursuant to the Termination Petition.  Despite [Claimant's counsel's] repeated requests for the [WCJ] to rule upon [the Challenge Petition], she refused to do so.  Further, the [WCJ] then ruled on Superseades [sic] within seven (7) days failing to give [Claimant's counsel] the allotted time to respond to the Superseades [sic] request and granted Superseades [sic] without allowing [Claimant's counsel] to enter any evidence on it and continued to not rule on the [] Challenge [Petition].
>
> The [WCJ] further ruled and granted the Termination Petition without considering objection [sic] findings such as compression fracture to [] Claimant's lower back, bulging disc and a narrowing parameter.  The [WCJ] also ignored Claimant's constant complaints of pain when deciding the [Termination P]etition.

R.R. at 260a.  Claimant further alleged that the WCJ erred as a matter of law, when

> [she] refused to rule on [Claimant's Challenge Petition] at the first hearing.  Even if the [WCJ] was going to untimely rule on [Employer's] Supersedeas [request] in seven (7) days, [] Claimant should be afforded [WC] benefits for the time prior to the [WCJ's] ruling on Supersedeas which was[,] again, untimely.

R.R. at 260a-261a.

5

With respect to the Challenge Petition, Claimant argues that the WCJ did not hold a timely hearing and[,] rather than rule on it, she issued an untimely Interlocutory Order granting supersedeas in conjunction with the Termination Petition. First, although Claimant argued for reinstatement of total [WC] benefits as per the NCP, Claimant agreed that[,] at that time in dispute[,] she elected to take her paid vacation time because she was going to lose it, and that she received her pay until the end of the year. Nothing in the Act requires payment of total disability benefits while the Claimant is receiving wages. Further, [*U.S. Airways v. Workers' Compensation Appeal Board (Rumbaugh)*, 854 A.2d 411 (Pa. 2004),] holds that where a[n employer] has suspended benefits pursuant to a Notification of Suspension and the claimant subsequently stops working and challenges it, [the employer] must file a petition for suspension with a request for supersedeas to protect its right to continue to suspend benefits. Here, the WCJ heard the merits of the Challenge Petition and [Employer's] [S]upersedeas [R]equest at the same hearing. She granted supersedeas via Interlocutory Order of January 22, 2019, effectively denying Claimant's [C]hallenge [Petition]. We see nothing warranting reversal in these circumstances.

R.R. at 271a. Claimant appealed to this Court.[4]

This Court first addresses Employer's contention that Claimant waived her argument regarding the WCJ's failure to hold a hearing within 21 days of Claimant's filing of her Challenge Petition. According to Employer, Claimant failed to raise this issue

before the WCJ, orally or in writing, before, during, or after any one of three hearings, held over the course of over five months (and not until her brief to the Board), [Claimant] never filed a penalty petition for any indemnity [benefits] due up to the time of the supersedeas order[ and

---

[4] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Claimant's] counsel asked for reconsideration of supersedeas and never raised the timeliness of the hearing as an issue.

Employer Br. at 6. Employer emphasizes that Claimant did not raise the timeliness issue in its Notice of Appeal to the Board. Thus, Employer contends Claimant waived the issue.

Claimant retorts:

[A] review of the [a]ppeal documents, including the [d]ecision of the Board, indicates that [Claimant] raised the issue of the timeliness of the Challenge Petition, as the Board explicitly ruled upon that issue in its [d]ecision. [Claimant's] Board [a]ppeal raises the issue of the Challenge Petition, and while it does not specifically include the issue of the timeliness of that hearing, the timeliness issue is tangentially related to the issues raised within [Claimant's Notice of Appeal]. Further, as the issue of timelines[s] was explicitly ruled upon by the Board, it can be interpreted that the issue was, in fact, raised before the government unit.

Though, perhaps, [Claimant's] initial [Notice of A]ppeal to the Board was not as artfully crafted as necessary, the [Claimant] did raise the issue of timelines[s] to the Board, and the Board rendered a decision on that particular issue.

Further, though [Employer] claims that [Claimant] did not raise the issue of the timelines[s] of the Challenge Petition [h]earing until her brief to the Board, [] within the WCJ's [d]ecision, the issue of the timeliness of hearings was addressed, with the WCJ['s] holding that a 'hearing must be scheduled within 21 days of [] Claimant's filed challenge.' [R.R. at 257a]. It is clear the issue of timeliness of the Challenge Petition was at issue, and that the WCJ was aware of the issue as she rendered a decision thereupon. The WCJ's decision, and subsequent decision of the Board serve to show that the issue of the timeliness of the Challenge Petition had been raised on several occasions, and addressed by each respective government unit.

7

Claimant Reply Br. at 2-3 (citations omitted). This Court disagrees.

It is clear in the instant matter that Claimant did **not** raise the timeliness of the Challenge Petition hearing in her Notice of Appeal to the Board. The Board nevertheless addressed the issue in its decision.[5] As Employer notes:

> [Claimant] never objected to the timeliness of the hearing being held on January 9, 2019, [Claimant] never raised this

---

[5] This Court addressed similar circumstances in *Berninger v. Workers' Compensation Appeal Board (East Hempfield Township)*, 761 A.2d 218 (Pa. Cmwlth. 2000). Therein, this Court explained:

> [The e]mployer asserts that [the claimant's constitutional issue] was waived because [the c]laimant did not raise it before the Board. **It is true that [the c]laimant did not raise the issue in his notice of appeal to the Board from the WCJ's findings of fact and conclusions of law, but [the c]laimant asserts that he raised the issue in his brief to the Board**. [The c]laimant's brief to the Board is not a part of the record of this case. The Board then stated in its opinion that 'Furthermore, [the c]laimant argues that, as applied, the dual burden standard impinges upon his equal protection under the law, as guaranteed by the United States and Pennsylvania Constitutions. However, due process constitutional arguments . . . are beyond the purview of this Board.' Board Opinion, October 7, 1999, at 3. This Court has noted our Pennsylvania Superior Court's statement that 'it is beyond cavil that an appellate court is limited to considering only those facts which have been duly certified in the record on appeal. For purposes of appellate review, what is not of record does not exist. It is the appellant's responsibility to provide a complete and comprehensive record to the reviewing court.' *Steglik v. Workers' Comp[.] Appeal B[d.] (Delta Gulf Corp.)*, 755 A.2d 69, 74 n.3 (Pa. Cmwlth. 2000)[] [(]*quoting Spink v. Spink*, . . . 619 A.2d 277, 280 n.1 ([Pa. Super.] 1992)[)]. **Nevertheless, because the Board acknowledged the** constitutional **issue in its opinion, we believe that [the c]laimant adequately raised and preserved the issue, and we will address it**.

*Berninger*, 761 A.2d at 222 n.5 (emphasis added). Here, unlike in *Berninger*, where the claimant's arguments were "beyond the purview of th[e] Board[,]" Claimant could have raised the issue before the WCJ and in the Notice of Appeal to the Board, but did not do so. *Id*. Further, it is unclear whether Claimant raised it in her brief to the Board since, as in *Berninger*, Claimant's brief to the Board is not a part of the record in this case.

issue before the WCJ, orally or in writing, before, during, or after any one of three hearings, held over the course of over five months (and not until her brief to the Board), [Claimant] never filed a penalty petition for any indemnity [benefits] due up to the time of the supersedeas order[ and Claimant] asked for reconsideration of supersedeas and never raised the timeliness of the hearing as an issue.

Employer Br. at 11.

> In *Wing v. Unemployment Compensation Board of Review*, . . . 436 A.2d 179 ([Pa.] 1981), [the Pennsylvania Supreme Court] held:
>
>> [**T**]**he administrative law tribunal must be given the opportunity to correct its errors as early as possible**; **diligent preparation and effective advocacy before the tribunal must be encouraged by requiring the parties to develop complete records and advance all legal theories**; and the finality of the lower tribunals' determinations must not be eroded by treating each determination as part of a sequence of piecemeal adjudications.
>
> *Id.* at . . . 181 (applied to administrative law proceedings the holdings of *Dilliplaine v. Lehigh Valley Trust Co.*, . . . 322 A.2d 114 ([Pa.] 1974), and *Commonwealth v. Clair*, . . . 326 A.2d 272 ([Pa.] 1974), which announced the same waiver rule in civil and criminal cases, respectively). In *Dilliplaine*, [the Supreme Court] [] stated:
>
>> Appellate court consideration of issues not raised in the trial court results in the trial becoming merely a dress rehearsal. This process removes the professional necessity for trial counsel to be prepared to litigate the case fully at trial and to create a record adequate for appellate review. The ill[-]prepared advocate's hope is that an appellate court will come to his aid after the fact and afford him relief despite his failure at trial to object to an alleged error. The diligent and prepared trial lawyer - and his client - are

> penalized when an entire case is retried because an appellate court reverses on the basis of an error opposing counsel failed to call to the trial court's attention.

*Dilliplaine*, . . . 322 A.2d at 116.

*Rox Coal Co. v. Workers' Comp. Appeal Bd. (Snizaski)*, 807 A.2d 906, 912-13 (Pa. 2002) (emphasis added).

Claimant did not at any time complain to the WCJ that the WCJ failed to comply with the 21-day hearing requirement so that the WCJ could "correct [her] errors as early as possible[.]" *Id*. at 912 (quoting *Wing*, 436 A.2d at 181). Insisting that Claimant did not waive the timeliness issue, Claimant declares that "within the WCJ's Decision, the issue of the timeliness of hearings was addressed, with the WCJ holding that a 'hearing must be scheduled within 21 days of []Claimant's filed challenge.' [R.R. at ]257a[]." Claimant Reply Br. at 3. Accordingly, Claimant concludes, "[i]t is clear the issue of timeliness of the Challenge Petition was at issue, and that the WCJ was aware of the issue as she rendered a decision thereupon." *Id*. However, the passage to which Claimant refers is merely one in a group of paragraphs discussing the legal standards and requirements for the various Petitions at issue.[6] It is not indicative that Claimant raised the issue before the WCJ. Nor did Claimant raise the issue in her Notice of Appeal to the Board. Thus, Claimant waived that issue.

Claimant next contends that the WCJ committed reversible error by failing to timely rule on Claimant's Challenge Petition and Supersedeas Request. Section 413(c)(1) of the Act states:

> If the employe contests the averments of the insurer's affidavit, a special supersedeas hearing before a [WCJ] may be requested by the employe indicating by a checkoff

---

[6] *See* R.R. at 257a.

on the notification form that the suspension of benefits is being challenged and filing the notification of challenge with the [D]epartment [of Labor and Industry] within [20] days of receipt of the notification of suspension from the insurer. The special supersedeas hearing shall be held within [21] days of the employe's filing of the notification of challenge.

77 P.S. § 774.2(1).

Further, Section 131.50a of the Board's Regulations provides, in pertinent part:

(a) This section governs **the disposition of an employee's request for a special supersedeas hearing made in connection with a challenge to the suspension** or modification of [WC] benefits under [S]ections 413(c) and 413(d) of the [A]ct[7] (77 P.S. §[§] 774.2[,] 774.3).

(b) A special supersedeas hearing will be held within 21 days of the employee's filing of the notice of challenge.

(c) During the course of a challenge proceeding, the issues are limited to determining whether the claimant has stopped working or is earning the wages stated in the Notice of Suspension or Modification under [S]ections 413(c) or 413(d) of the [A]ct and the challenge shall be decided only on those issues.

(d) If the employer has filed a separate petition requesting supersedeas, the judge may receive evidence and issue a separate decision on the request for supersedeas if the judge determines the claimant will not be prejudiced by the introduction of evidence on the supersedeas request at the time of the challenge proceeding.

(e) **The judge to whom the notice of challenge has been assigned will issue a written order on the challenge within 14 days of the hearing**.

(f) **If the judge fails to hold a hearing within 21 days or fails to issue a written order approving the suspension** or modification **of benefits within 14 days of the**

---

[7] Added by Section 16 the Act of June 24, 1996, P.L. 350.

11

**hearing, the insurer shall reinstate the employee's [WC] benefits at the weekly rate the employee received prior to the insurer's suspension** or modification **of benefits under [S]ections 413(c)** or 413(d) **of the [A]ct.**

34 Pa. Code § 131.50a (emphasis added).

With respect to Employer's Supersedeas Request, Section 131.49 of the Board's Regulations specifies, in relevant part:

> (a) The filing of a petition alleging full recovery, accompanied by a physician's affidavit to that effect, which was prepared in connection with an examination of the employee no more than 21 days from the filing of the petition, shall act as an automatic request for supersedeas.
>
> (b) A special supersedeas hearing will be held within 21 days of the assignment of the petition filed under this section.
>
> (c) The judge will approve the request for supersedeas if prima facie evidence of a change in the medical status or of any other fact which would serve to modify or terminate the payment of compensation is submitted at the hearing, unless the employee establishes by a preponderance of the evidence a likelihood of prevailing on the merits of the employee's defense. . . .
>
> . . . .
>
> (d) If the judge to whom the special supersedeas request has been assigned fails to hold a hearing within 21 days of assignment of the request to the judge **or fails to issue a written order within 7 days of the hearing of the supersedeas request**, the automatic request for supersedeas will be deemed denied. **The automatic request for supersedeas will remain denied until the judge issues a written order granting the supersedeas, in whole or in part**.

34 Pa. Code § 131.49 (emphasis added).

At the January 9, 2019 hearing, the WCJ considered Claimant's Challenge Petition and Employer's Suspension Petition, Termination Petition, and

12

Supersedeas Request. The WCJ did not issue a written order on the Challenge Petition within 14 days of the hearing as required by Section 131.50a(e) of the Board's Regulations. Moreover, the WCJ did not issue a written order on Employer's Supersedeas Request within 7 days of the hearing as required by Section 131.49 of the Board's Regulations. However, at the hearing, **Claimant requested 14 days to respond to Employer's Supersedeas Request**, which the WCJ granted. Thus, although Section 131.49(d) of the Board's Regulations required the WCJ to issue a written order on Employer's Supersedeas Request within 7 days, Claimant waived that requirement when she requested 14 days to respond thereto. Further, in accordance with Section 131.49(c) of the Board's Regulations, when the WCJ granted Employer's Supersedeas Request on January 22, 2019, the WCJ did so because Employer presented "prima facie evidence of a change in the medical status . . . which would serve to modify or terminate the payment of compensation[.]" 34 Pa. Code § 131.49(c). Thus, in granting Employer's Supersedeas Request, the WCJ, by implication, effectively denied Claimant's Challenge Petition within the time required by Section 131.50a(e) of the Board's Regulations.[8] Ultimately, on August 6, 2019, the WCJ granted the Termination Petition, concluding that Claimant had fully recovered from her work injury **as of October 29, 2018, nearly one and one-half months *before* Claimant filed her Challenge Petition**. Accordingly, this Court discerns no error.

Finally, Claimant asserts that the Board erred when it held that the WCJ properly credited Dr. Handal's testimony over Dr. Lendener's testimony. Specifically, Claimant argues:

---

[8] At the March 20, 2019 hearing, Claimant requested the WCJ to reconsider her order granting the Supersedeas Request, given that the WCJ issued her order before Claimant's 14-day response time had expired. The WCJ granted the request but, again, granted Employer's Supersedeas Request.

13

Review of Dr. Handal's testimony, as a whole, amounts to a variety of speculative opinions, all of which were rendered on October 29, 2018. Here, Dr. Handal failed to make any objective findings, and admitted that he was unaware as to they [sic] type of medical treatment [Claimant] was undergoing, and if she was undergoing that medical treatment at the time of his examination. Moreover, Dr. Handal was unaware of the physical duties required of Claimant in her pre-injury position, save for a weight lifting requirement, which evidences that Dr. Handal clearly rendered his opinion in a vacuum, and that opinion was uncertain, equivocal and open to interpretation.

Claimant Br. at 23-24 (citations omitted). Claimant concludes:

A review of Dr. Lendener's testimony as a whole clearly indicates that [Claimant] was severely injured and unable to return to work. Despite Dr. Lendener functioning as [Claimant's] treating physic[i]an, the WCJ and [the Board] erroneously assigned greater weight and credibility to the testimony of Dr. Handal, which [Claimant] submits amounts to an equivocal opinion, rendered with very limited pertinent information, and in the course of litigation. As proper weight was not given to the testimony of Dr. Lendener, the WCJ and [the Board] committed reversible error.

Claimant Br. at 24.

However,

[t]he law is well established that '[t]he WCJ is the ultimate fact[ ]finder and has exclusive province over questions of credibility and evidentiary weight.' *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011). 'The WCJ, therefore, is free to accept or reject, in whole or in part, the testimony of any witness, including medical witnesses.' *Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster)*, 760 A.2d 72, 76 (Pa. Cmwlth. 2000).

*Kimberly Clark Corp. v. Workers' Comp. Appeal Bd. (Bromley)*, 161 A.3d 446, 461

(Pa. Cmwlth. 2017). Further,

14

> [n]either the Board nor the Court may reweigh the evidence or the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, . . . 771 A.2d 1246 ([Pa.] 2001). Specifically, 'Section 422(a) [of the Act, 77 P.S. § 834,] does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations. [Thus, u]nless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal.' *Pa. Uninsured Emp*[*s.*] *Guar. Fund v. Workers' Comp. Appeal Bd. (Lyle)*, 91 A.3d 297, 303 (Pa. Cmwlth. 2014) (quoting *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006)).

*Kimberly Clark Corp.*, 161 A.3d at 462 (footnote omitted).

"To be competent evidence, medical expert testimony must be unequivocal." *BJ's Wholesale Club v. Workers' Comp. Appeal Bd. (Pearson)*, 43 A.3d 559, 564 (Pa. Cmwlth. 2012).

> The question of whether expert medical testimony is unequivocal, and, thus, competent evidence to support factual determinations is a question of law subject to our review. In such cases, we review the testimony as a whole and may not base our analysis on a few words taken out of context. 'Taking a medical expert's testimony as a whole, it will be found to be equivocal if it is based only upon possibilities, is vague, and leaves doubt.' *Kurtz v. Workers' Comp. Appeal Bd. (Waynesburg Coll*[*.*]*)*, 794 A.2d 443, 449 (Pa. Cmwlth. 2002).

*Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 80 (Pa. Cmwlth. 2012) (citations omitted). "Medical evidence is unequivocal as long as the medical expert, after providing a foundation, testifies in his professional opinion he believes or thinks the facts exist." *Watson v. Workers' Comp. Appeal Bd. (Special People in Ne.)*, 949 A.2d 949, 953 (Pa. Cmwlth. 2008).

The record evidence reflects that Dr. Handal unequivocally testified within a reasonable degree of medical certainty that Claimant had fully recovered

from her work injury as of when he examined her on October 29, 2018. *See* R.R. at 195a. Dr. Handal described that, based upon his examination and Claimant's test results, there was no indication that Claimant's work-related injury and accompanying disability remained. That Dr. Lendener contradicted Dr. Handal does not invalidate Dr. Handal's testimony. Rather, the WCJ was free to evaluate credibility, weigh the evidence and afford it the weight that she deemed it deserved. Under the circumstances, this Court may not question the WCJ's credibility determinations or reweigh the evidence. *See Kimberly Clark Corp.*

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

16

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Vincenza Sorrentino,      :
      Petitioner  :
           :
    v.      :
           :
Workers' Compensation Appeal  :
Board (Villanova University),  :  No. 589 C.D. 2020
     Respondent  :

## O R D E R

   AND NOW, this 10th day of February, 2021, the Workers' Compensation Appeal Board's May 27, 2020 order is affirmed.

         _____
         ANNE E. COVEY, Judge